Kich, Judge,
delivered the opinion of the court:
This appeal is from a decision of the Patent Office Board of Appeals affirming the examiner’s rejection of the claims in Gilbert E. Calderwood’s application serial No. 188,743, filed October 6,1950, for a “Tie Bod Joint.” The sole issue is whether the claimed subject matter is unobvious in view of the cited art.
Claim 11, which is representative, reads as follows:
A tie rod joint, comprising a housing member having a socket and a frag-mental spherical seat in said socket, a stud member having a head portion arranged within said socket, said head portion having two oppositely extending sections of fragmental spherical shape, one of which is movably mounted upon said seat, a coiled spring of conical form for yieldingly maintaining such head portion upon its seat, and a bearing cap engaged by the larger end of said spring and engaging the other head section of said stud member, the said larger end of said spring adjacent said bearing cap having a diameter which is not substantially greater than the diameter of said last mentioned head section.
The references relied on are:
Venditty, 2,330,095; September 21,1943.
Ricks, 2,420,621, May 13,1947.
Graham, 2,533,928; December 12,1950.
Edwards, 2,559,857, July 10,1951.
The claimed tie rod joint is such as may be used in the steering linkage of motor vehicles and is of the ball and socket type. The joints disclosed in the cited art are generally similar to applicant’s device and all comprise a housing member having a socket provided with a fragmental spherical seat, a stud member having a head portion arranged within the socket and having two oppositely extending *890 sections of fragmental spherical shape, one of the spherical head sections being movably mounted on the socket seat, a spring yieldingly maintaining the latter upon the socket seat, and a bearing cap seated upon the other spherical head section retaining the spring.
Appellant contends that his advance in the art resides in the use of a conical spring in which the larger end of the spring engages the bearing cap in the area of contact of the cap with the head section.
The claims were rejected as unpatentable over Edwards, in view of Ricks or Graham, or unpatentable over either Ricks or Graham taken alone, and further rejected as unpatentable over Ricks in view of Venditty. In discussing the rejection based on Ricks, Graham, and Edwards, the Board of Appeals considered Ricks and Edwards to be merely cumulative to Graham.
Graham discloses a joint employing a conical spring whose larger end engages a flange on the bearing cap, the diameter of which is substantially larger than the diameter of the fragmental spherical head section on which the bearing cap rests. This is because the head diameter is quite small, much smaller than appellant’s. Appellant contends that because of the considerable distance between the area of engagement of the cap with the head section and the area of engagement of the spring with the cap, “the action of the spring is not concentrated within, or effective only upon, the ‘area of contact’ between the bearing cap and the head section engaged thereby,” and as a result, “Graham’s bearing cap is subjected to the distorting influence of the spring, which soon seriously impairs and shortens the usefulness of the Graham device.”
We do not agree with appellant’s contention that the action of the spring in Graham is not concentrated within the area of contact between the bearing cap and the head section engaged thereby since it appears obvious that the entire force of the spring is supported by the head section where it contacts the cap. Neither are we impressed by the argument that the influence of the spring “soon seriously impairs and shortens the usefulness of the Graham device.” If a cap were so insubstantial as to distort under spring pressure, nothing could be more obvious than to strengthen it.
As to the rejection of the appealed claims based on the patents to Ricks and Venditty, it is noted that Venditty discloses a spring which engages the head section in the area of contact of the cap with the head section as does appellant’s. However, the spring is cylindrical rather than conical. Ricks is relied on to show a conical spring in the same environment. Appellant attempts to overcome this showing by arguing that a conical spring allows a greater flexibility in a given axial space than a cylindrical spring and is apparently contending *891 that it would not be obvious to use a conical spring, as shown in Ricks, in place of the cylindrical spring shown in Yenditty. Venditty clearly shows appellant’s feature of spring engagement with the bearing cap in the desired area, and Ricks clearly shows that it is old to use a conical spring with this type of device. We do not believe that appellant has done anything unobvious in combining these two features, and the rejection based on this combination of references is clearly correct.
The decision of the Board of Appeals is affirmed.